# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**EARL SULLIVAN-EL,**

        **Plaintiff,**            **Case Number: 2:05-CV-74919**

**v.**                        **HON. DENISE PAGE HOOD**

**GEORGE PRIMASTALLER, ET AL.,**

        **Defendants.**

_____/

## ORDER OF PARTIAL DISMISSAL AND DIRECTING SERVICE

Plaintiff Earl Sullivan-El has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Mound Correctional Facility in Detroit, Michigan. He is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the Court dismisses Plaintiff's claims as to Defendants DuBuc and Armstrong, pursuant to 28 U.S.C. § 1915(e)(2),[1] because Plaintiff fails to state a claim upon which relief may be granted with respect to these defendants.

---

[1]    28 U.S.C. § 1915(e)(2) provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> . . .
> (B) the action or appeal –
> . . .
> (ii) fails to state a claim upon which relief may be granted . . .

**I.**

In his complaint, Plaintiff challenges the medical care he has received while in prison. He states that when he was transferred to Mound Correctional Facility, prison officials failed to provide him with adequate medical care for two months. Plaintiff filed a grievance which was upheld at Step I, with a finding that Plaintiff received untimely treatment and evaluation of his chronic health condition.

The Eighth Amendment bans cruel and unusual punishment which involves the unnecessary and wanton infliction of pain. Hudson v. McMillan, 503 U.S. 1, 5 (1992); Pelfrey v. Chambers, 43 F.3d 1034, 1037 (6th Cir. 1995). Prison officials who act with "deliberate indifference" toward an inmate's serious medical needs are acting in violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). To sustain an Eighth Amendment claim of deliberate indifference to medical needs, a prisoner must satisfy a two-prong test. First, he must demonstrate that the medical needs were serious and required attention that adhered to "contemporary standards of decency." Hudson, 503 U.S. at 8. Then, he must establish that defendants were deliberately indifferent to those needs. Id. Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). A delay in providing medical treatment may result in a constitutional violation. "This violation is not premised upon the detrimental effect of the delay, but rather that the delay alone in providing medical care creates a substantial risk of serious

harm." <u>Blackmore v. Kalamazoo County</u>, 390 F.3d 899 (6th Cir. 2004), *reh'g en banc denied*.

## II.

Plaintiff fails to state a claim upon which relief may be granted with respect to two defendants, Armstrong and DuBuc.  First, Defendant Armstrong is named as a defendant based upon his denial of Plaintiff's Step III grievance.  "Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance." <u>Lee v. Michigan Parole Board</u>,104 Fed. Appx. 490, 493 (6th Cir. 2004).  Therefore, Plaintiff has failed to state a claim upon which relief may be granted against Armstrong.

Second, Plaintiff challenges Defendant DuBuc's disposition of his Step II grievance.  This fails to state a claim under § 1983.  *See* <u>id.</u>  Plaintiff also makes a conclusory allegation that she denied him medical care.  Federal courts hold *pro se* complaints to a "less stringent standard" than complaints drafted by attorneys.  <u>Haines v. Kerner</u>, 404 U.S. 519 (1972).  However, such complaints "must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief." <u>Mullins v. Smith</u>, 14 F. Supp. 2d 1009, 1011 (E.D. Mich. 1998).  Even holding Plaintiff's complaint to a less stringent standard, Plaintiff's conclusory allegation against DuBuc with no supporting factual allegations is insufficient to state a claim upon which relief may be granted.

## III.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's claims as to

Defendants Armstrong and DuBuc are **DISMISSED**.

The Clerk of Court shall serve the complaint on the remaining defendants.

**SO ORDERED**.


                                           s/ DENISE PAGE HOOD
                                           DENISE PAGE HOOD
                                           UNITED STATES DISTRICT JUDGE

DATED: February 2, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 2, 2006, by electronic and/or ordinary mail.

                                           s/William F. Lewis
                                           Case Manager

---

## <u>CERTIFICATION</u>

I certify that, on the date indicated below, I arranged for service as provided above and that I mailed a copy of this order to plaintiff.


DATED:_____                         _____
                                           Deputy Clerk

4