UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL SULLIVAN-EL #156184,

    Plaintiffs,

                                              Case No.: 05-CV-74919-DT

vs.

                                              HON. DENISE PAGE HOOD
                                              MAG. JUDGE WALLACE CAPEL, JR.

MDOC, et al.

    Defendant.
_____/

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

Plaintiff Earl Sullivan-El has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Newberry Correctional Facility in Newberry, Michigan. Plaintiff alleges in his Complaint that he received untimely evaluation and treatment of a chronic health problem while incarcerated at the Mound Correctional Facility in Detroit, Michigan. Before the Court are Defendants' (Ruth Ingram, George Pramstaller, Justina Nzums, and Radhika Kosaraju, M.D.) Motions to Dismiss for Failure to Exhaust Administrative Remedies.[1] The above named Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) and 42 U.S.C. § 1997e.[2]

---

[1] "Defendants' Motion to Dismiss for Failure to Establish Exhaustion of Administrative Remedies," filed April 4, 2006; "Defendant Radhika Kosaraju, M.D.'s Motion to Dismiss under FRCP (12)(b)(6) and 42 U.S.C. § 1997e," filed April 7, 2006; see also "Defendant Radhika Kosaraju, MD's Reply to Plaintiff's Declaration in Opposition to Defendant(s) Motion to Dismiss for Failure to Establish Exhaustion of Administrative Remedies," filed April 21, 2006.

[2] In their Motion, Defendants Ruth Ingram, George Pramstaller, and Justina Nzums also cite Fed. R. Civ. P. 12(b)(1), but their brief does not develop any argument under that Rule.

**II.     STANDARD OF REVIEW**

The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint. When considering a motion to dismiss pursuant to Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded allegations in the complaint as true. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683 (1974). Dismissal pursuant to a Rule 12(b)(6) motion is proper only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Bloch v. Ribar, 156 F.3d 673, 677 (6th Cir. 1998).

It must be mentioned that pro se complaints are to be construed liberally. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, a complaint will not survive a Rule 12(b)(6) challenge unless it contains either direct or inferential allegations respecting all of the material elements necessary to sustain a recovery under a viable legal theory. Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 726 (6th Cir. 1996). Further, the court is prohibited from acting as an advocate for pro se litigants. Berridge v. Heiser, 993 F. Supp. 1136, 1141 (S.D. Ohio 1997) (citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)).

42 U.S.C. § 1997e(a) provides:

> (a) Applicability of administrative remedies
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under § 1997e(a), a prisoner must exhaust all of his available administrative remedies before filing a § 1983 action in federal court, and the prisoner has the burden of establishing that he has exhausted his remedies. Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998). Section 1997e(a)

requires a prisoner to exhaust his administrative remedies prior to filing suit, and the prisoner cannot exhaust his remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). The prisoner cannot "abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999). To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his complaint any decision demonstrating the administrative disposition of his claims or describe with specificity the administrative proceeding and its outcome. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000)).

More recently in Booth v. Churner, 532 U.S. 731, 734 (2001), the United States Supreme Court acknowledged that 42 U.S.C. § 1997e(a) requires a prisoner to exhaust his administrative remedies before bringing suit. Further, in Curry v. Scott, 249 F.3d 493, 505 (6th Cir. 2001), the Sixth Circuit Court of Appeals made it clear that a prisoner must have filed a grievance against each individual named in his Complaint. The Sixth Circuit stated:

> The requirement that a prisoner file a grievance against the person he ultimately seeks to sue does not impose a heightened pleading requirement upon would-be § 1983 plaintiffs. It only assures, as envisioned under the PLRA, that the prison administrative system has a chance to deal with claims against prison personnel before those complaints reach federal court.

Id. Lastly, in Burton v. Jones, 321 F.3d 569, 575 (6th Cir. 2002), the Sixth Circuit held to show administrative exhaustion "against a particular defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process."

3

## III.    DISCUSSION

Defendants all point out that they were not named in Step I of the Grievance process. Plaintiff attached his Step I Grievance Form, identified as NRF 05-05-0636-12F, as Exhibit A to his Complaint. The grievance form clearly fails to name Defendants Ruth Ingram, George Pramstaller, Justina Nzums, or Radika Kosaraju, M.D. In response to Defendants' Motions to Dismiss, Plaintiff does attach "Notice of Complaint Delay in Getting Refill got Tenoriam 5mg. and Hyrin 2mg and 5mg" and "Notice of Informing [sic] the Deputy I am Still Not Getting Treatment" naming J. Nzums and Ruth Ingram, but these are dated February 27, 2006, and January 30, 2006, respectively, and Plaintiff's Complaint was filed on December 29, 2005.[3]

Further, Exhibit D to Plaintiff's Response is a letter that Plaintiff wrote to Ruth Ingram, dated December 1, 2005, and its "Subject" is "Grievance wrote on health care for not giving prisoner a prescribed medication that mandated treatment, Tenoriman also hytrin for urine problems, maybe prostate Cancer." Although he sent this letter to Ruth Ingram before he filed his Complaint, Plaintiff does not provide evidence that the prison administration was aware of problems that he had either with her individually or with the other people mentioned in his letter to her. There is no evidence that the prison administrative system has had a chance to deal with claims against its prison personnel before those complaints reached federal court, and such evidence is required by Curry 249 F.3d at 505.

Furthermore, the letter to Ruth Ingram does not allege wrong doing by Ms. Ingram. Although it mentions Ms. Nzums in regard to her status as respondent at Step I of the grievance process, the

---

[3]Plaintiff's "Declaration in Opposition to Defendant(s) Motion to Dismiss for Failure to Establish Exhaustion of Administrative Remedies," filed April 17, 2006 (hereinafter Plaintiff's Response).

letter only states that, "Ms. Nzums got very loud with me for trying to get a Prescribed Medication and was hostile with an attitude because prisoner would not sign off on step one grievance. Prisoner did not to [sic] get proper medical care."[4] Nonetheless, the letter is insufficient because it is not part of the formal grievance process. "In determining whether the inmate has exhausted his or her remedies, we thus look to the inmate's grievance, not to other information compiled in other investigations." Thomas v. Woolum, 337 F.3d 720, 734 (6th Cir. 2003). The United States Supreme Court has agreed, holding that

> [t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction, and under respondent's interpretation of the PLRA noncompliance carries no significant sanction.

Woodford v. Ngo, __ U.S __,126 S.Ct. 2378, 2388 (2006).

Plaintiff's Step I Grievance form does name "Health Services at NRF" but fails to name individuals. The Sixth Circuit has stated, "Of course, it is not enough simply to follow the grievance procedure; in order to satisfy the administrative exhaustion requirement, the content of the grievances must be adequate, too. First, under our precedent a grievance must identify each defendant eventually sued." Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006) (citing Curry, 249 F.3d at 504-05.) Plaintiff does name Region III Health Care Administration in his Complaint, but he did not name Justina Nzums, nurse, or Ruth Ingram, health care unit manager, individually in his grievance. Naming the Administration is insufficient. See Curry, 249 F.3d at 505 (plaintiff must file against the *person* he ultimately seeks to sue) (emphasis added).

---

[4]Plaintiff's Response, Exhibit D.

Defendants argue that there is not "total exhaustion" and that therefore, the entire case should be dismissed. Defendants rely on Jones-Bey v. Johnson, 407 F.3d 801, 805 (6th Cir.2005) and Rinard v. Luoma, 440 F.3d 361, 363 (6th Cir. 2006). However, the "total exhaustion" rule continues to be debated within the Sixth Circuit. This year, however, in Spencer, 449 F.3d at 726, the Sixth Circuit held that "[b]ecause Hartsfield and Burton were decided before Bey, we conclude that the partial-exhaustion rule is the law of this circuit. See Salmi v. Sec'y of Health & Human Servs., 774 F.2d 685, 689 (6th Cir.1985); 6TH CIR. R. 206(c) (a later panel cannot overrule a prior panel's published opinion)." The Honorable Gerald E. Rosen has noted that,

> The Supreme Court will have the final word on the total exhaustion rule, having granted certiorari to consider the question in Jones v. Bock, --- U.S. ----, 126 S.Ct. 1462, 164 L. Ed.2d 246 (2006) and Williams v. Overton, --- U.S. ----, 126 S.Ct. 1463, 164 L. Ed.2d 246 (2006).

Alexander v. Jackson, 440 F. Supp. 2d 682, 687 (E.D. Mich. 2006).

Regardless, "total exhaustion" is irrelevant here because the case was already dismissed by Order dated February 2, 2006, as to Defendants Dubuc and Armstong. Therefore, Defendants Ruth Ingram, George Pramstaller, Justina Nzums, and Radhika Kosaraju are the only individually identified Defendants left.

**IV.   CONCLUSION**

For the aforementioned reasons, the undersigned recommends that Defendants' Motions to Dismiss be **GRANTED**, and that Plaintiff's cause of action against Defendants Ruth Ingram, George Pramstaller, Justina Nzums, and Radika Kosaraju, M.D., be **DISMISSED** without prejudice.

Pursuant to Rule 72(b) of the Fed. R. Civ. P. and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of this recommendation they may serve and

file specific, written objections to the proposed findings and recommendations. Either party may respond to another party's objections within ten days after being served with a copy thereof. The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

In accordance with the provisions of Fed. R. Civ. P. 6(b), the Court, in its discretion, may enlarge the period of time in which to file objections to this report.

s/Wallace Capel, Jr.<br>
**WALLACE CAPEL, JR.**<br>
**UNITED STATES MAGISTRATE JUDGE**

**Dated:**   October 11, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Kimberely A. Koester, Diane M. Smith,

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Earl Sullivan, # 156184, Newberry Correctional Facility, 2001 Newberry Avenue, Newberry MI 49868.

                s/James P. Peltier
                United States District Court
                Flint, Michigan 48502
                810-341-7850
                E-mail: pete_peltier@mied.uscourts.gov