UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL SULLIVAN-EL #156184

    Plaintiff,                                      Case No.05-74919

v.                                                 HONORABLE DENISE PAGE HOOD

MDOC, et al.,

    Defendants.

_____/

**OPINION & ORDER REJECTING
REPORT AND RECOMMENDATION**

**I. INTRODUCTION**

This matter is before the Court on Magistrate Judge Wallace Capel, Jr.'s Report and Recommendation dated October 11, 2006. On January 26, 2007, Plaintiff filed a Motion to File Supplemental Pleadings in Opposition of Defendant for Summary Dismissal. The Court will construe this as Plaintiff's Objections to the Magistrate Judge's Report and Recommendation.

The Magistrate Judge recommended that the Court grant Defendants' Motions to Dismiss.[1] After careful review and consideration, the Court finds that the Magistrate Judge reached the correct conclusion under Sixth Circuit law at the time of his Report and Recommendation. A recent Supreme Court decision, however, changed the law on exhaustion of administrative remedies under

---

[1] Magistrate Judge Capel, Jr.'s Report and Recommendation addresses two motions; Defendants Ruth Ingram's, George Pramstaller's and Justina Nzums' Motion to Dismiss for Failure to Establish Exhaustion of Administrative Remedies, filed on April 4, 2006, and Defendant Radhika Kosaraju, M.D.'s Motion to Dismiss Under FRCP 12(b)(6) and 42 U.S.C. 1997e, filed on April 7, 2006.

the Prison Litigation Reform Act (PLRA) and, as such, the Court must reject the Magistrate Judge's Report and Recommendation for the reasons stated below.

## II. FACTUAL BACKGROUND

The instant prisoner civil rights complaint filed pursuant to 42 U.S.C.§ 1983 involves Plaintiff's allegation that Defendants were deliberately indifferent to his serious medical needs in violation of Plaintiff's Eighth Amendment rights. Plaintiff asserts that he was improperly denied medication for his blood pressure and urinary problems.

## III. STANDARD OF REVIEW

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. §636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1)(C). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

## IV. LAW & ANALYSIS

At the time that Defendants filed their Motions for Dismissal the law of exhaustion under the Prison Litigation Reform Act, 42 U.S.C. 1997e, as interpreted by the Sixth Circuit Court of Appeals, created, as the United States Supreme Court concluded, insurmountable procedural hurdles for prisoner-litigants to overcome, procedural hurdles lacking in textual support under the PLRA. *See Jones v. Bock*, – U.S.–; 127 S.Ct. 910 (2007).

First, the Sixth Circuit held that it was the plaintiff's burden to establish exhaustion of administrative remedies. *See Brown v. Toombs*, 139 F. 3d 1102, 1104 (6th Cir. 1998). As such, prisoners were required to declare in the complaint that they had exhausted administrative remedies,

by either attaching all of their grievances to it, or if they did not have copies of their grievances, they had to state with specificity the administrative outcome of their grievances.

> [A] prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

*Knuckles-El v Toombs*, 215 F. 3d 640, 642 (6th Cir. 2000) (quoting *Brown*, 139 F. 3d at 1104). Additionally, the Sixth Circuit held that, "[a] plaintiff who fails to allege exhaustion of administrative remedies through "particularized averments" does not state a claim upon which relief may be granted, and his complaint must be dismissed *sua sponte*." *Baxter v. Rose*, 305 F. 3d 486, 489 (6th Cir. 2002); *See also*, *Knuckles-El*, 215 F. 3d at 642; *Brown*, 139 F. 3d 1104. Further, the Sixth Circuit held that inmates could not amend their complaints to cure pleading defects or "to cure the failure to plead the exhaustion of administrative remedies . . . ." *Baxter*, 305 F. 3d at 487. The Sixth Circuit also required the prisoner-plaintiff to name in his or her grievance, the defendant who was ultimately sued. *See Curry v. Scott*, 249 F. 3d 493, 504-05 (6th Cir. 2001). Lastly, the Sixth Circuit held that exhaustion under the PLRA required dismissal of a prisoner's action when it combined exhausted claims with unexhausted claims, referred to as the "mixed complaint" rule*. See Jones-Bey v. Johnson* 407 F. 3d 801 (6th Cir. 2005).

In a recent decision the United States Supreme Court rejected the Sixth Circuit's above interpretations of the PLRA's exhaustion provision, finding such interpretations to be lacking in textual support. *See Jones v. Bock*, – U.S.–; 127 S.Ct. 910 (2007). The Court held "that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Id.* at 921. The *Jones* court

3

further stated that imposing a pleading requirement on prisoner-plaintiffs could not "be fairly viewed as an interpretation of the PLRA . . . the judge's job is to construe the statute – not to make it better." *Id.*  In regard to the requirement that prisoner-plaintiffs identify in their original grievances each defendant ultimately sued, the *Jones* court likewise found no textual support for such a requirement.  *Id.* at 922. "Here again the lower court's procedural rule lacks a textual basis in the PLRA . . . . nothing in the statute imposes a "name all defendants" requirement along the lines of the Sixth Circuit's judicially created rule."  *Id*.  Lastly, as to the issue of whether the PLRA requires "total exhaustion," the *Jones* court likewise rejected the proposition that a prisoner-plaintiff's entire complaint must be dismissed when it contains exhausted and unexhausted claims.  *Id.* at 923-25.

Defendants Ruth Ingram's, George Pramstaller's and Justina Nzums' Motion to Dismiss for Failure to Establish Exhaustion of Administrative Remedies relies solely upon the Sixth Circuit's now overruled decisions regarding PLRA exhaustion and its requirements.  Defendants argue that since Plaintiff did not name Ruth Ingram, George Pramstaller and Justina Nzum in his original grievance, concerning the improper denial of supplying him with needed medications, this actions should be dismissed.  Further, Defendants argue that the total exhaustion rule mandates dismissal.  Defendant Radhika Kosaraju, M.D.'s Motion to Dismiss Under FRCP 12(b)(6) and 42 U.S.C. 1997e rests upon the argument that Defendant Kosaraju should be dismissed because Plaintiff failed to mention Defendant Kosaraju in his original grievance, or at any stage of the grievance process.  As both motions rely solely upon Sixth Circuit precedent that is no longer good law, the Court must DENY Defendants' Motions for Dismissal.

## V.  CONCLUSION

Accordingly,

Magistrate Judge Wallace Capel, Jr.'s Report and Recommendation [**Docket No. 42, filed October 11, 2006**] is REJECTED and DENIED.

IT IS FURTHER ORDERED that Defendants Ruth Ingram's, George Pramstaller's and Justina Nzums' Motion to Dismiss for Failure to Establish Exhaustion of Administrative Remedies [**Docket No. 28, filed April 4, 2006**] is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Defendant Radhika Kosaraju, M.D.'s Motion to Dismiss Under FRCP 12(b)(6) and 42 U.S.C. 1997e [**Docket No. 30, filed on April 7, 2006**] is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that this matter is referred back to Magistrate Judge Steven D. Pepe for all pretrial matters, up to and including, preparation of the Final Pretrial Order, pursuant to 28 U.S.C.§ 636(b)(1)(A) and (B).

DATED: March 26, 2007

/s/ Denise Page Hood
DENISE PAGE HOOD
United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 26, 2007, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager