**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EARL SULLIVAN-EL #156184

    Plaintiff,                                          Case No.05-74919

v.                                                     HONORABLE DENISE PAGE HOOD

GEORGE PRAMSTALLER, M.D. *et al.*,

    Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION AND DISMISSING THE CASE

**I. INTRODUCTION**

      This matter is before the Court on Defendants Ruth Ingram's, George Pramstaller's and Justina Nzums' Motion for Reconsideration of this Court's March 26, 2007 Opinion and Order. This Court's March 26, 2007 Opinion and Order rejected Magistrate Judge Wallace Capel, Jr.'s Report and Recommendation recommending that the Court grant Defendants' Motions to Dismiss, filed on April 10, 2007.[1] On April 17, 2007, Defendant Kosaraju filed a Notice of Joinder/Concurrence in Defendants' Motion for Reconsideration.

**II. FACTUAL BACKGROUND**

      The instant prisoner civil rights complaint, filed pursuant to 42 U.S.C.§ 1983, involves

---

[1] Magistrate Judge Capel, Jr.'s Report and Recommendation addresses two motions; Defendants Ruth Ingram's, George Pramstaller's and Justina Nzums' Motion to Dismiss for Failure to Establish Exhaustion of Administrative Remedies, filed on April 4, 2006, and Defendant Radhika Kosaraju, M.D.'s Motion to Dismiss Under FRCP 12(b)(6) and 42 U.S.C. 1997e, filed on April 7, 2006.

Plaintiff's allegation that Defendants were deliberately indifferent to his serious medical needs in violation of Plaintiff's Eighth Amendment rights. Plaintiff asserts that he was improperly denied medication for his blood pressure and urinary problems.

## III. STANDARD OF REVIEW

In analyzing motions for reconsideration, the Court is guided by the standard of review set forth in the Local Rules of the United States District Court for the Eastern District of Michigan, which provide that:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also that the correcting defect will result in a different disposition of the case.

L.R. 7.1(g)(3).

This Court has discretion to grant or deny the movant's Motion for Reconsideration. *Summer v. Davis*, 317 F.3d 686, 691 (6th Cir. 2003).

## IV. ANALYSIS

The Court rejected the Magistrate Judge's Report and Recommendation based upon the Supreme Court's holding in *Jones v. Bock*, 127 S. Ct. 910 (2007). The *Jones* decision overruled the Sixth Circuit's requirement that a prisoner name in his or her original grievance each Defendant ultimately sued. *Id.* at 922.

In the present motion Defendants argue that the Court should have granted their Motions to Dismiss because at the time Plaintiff filed his grievance regarding the issues in this lawsuit, the Michigan Department of Corrections' (MDOC) policy directive for filing grievances required

Plaintiff to specifically name each person he was grieving against. According to Defendants, this policy directive, number 03.03.120 has been in effect since December 19, 2003. As such, pursuant to the Supreme Court's decision in *Woodford v. Ngo,* 126 S. Ct. 2378 (2006)*,* Plaintiff failed to properly exhaust his administrative remedies, and his Complaint should be dismissed.

In *Woodford*, the Supreme Court held that in order to properly exhaust "a prisoner must complete the administrative review process in accordance with the applicable procedural rules...." *Woodford*, 126 S. Ct. at 2384; *see also Jones*, 127 S. Ct. at 922-23 (The Prison Litigation Reform Act requires inmates to comply with procedural rules which "are defined not by the PLRA, but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to properly exhaust." (Internal quotations omitted)).

The Court notes that Defendants Ingram's, Pramstaller's and Nzums' Motion to Dismiss for Failure to Establish Exhaustion of Administrative Remedies, filed on April 4, 2006, did not assert the exact argument Defendants now assert in their Motion to for Reconsideration. In their Motion to Dismiss, these Defendants argued for dismissal for failure to exhaust by relying upon Sixth Circuit case law now overruled by the Supreme Court in *Jones*. Specifically, Defendants relied upon *Curry v. Scott*, 249 F. 3d 493, 505 (6th Cir. 2001), which held that a prisoner must name the person ultimately sued in his original grievance. The Court further notes, however, that Defendant Radhika Kosaraju, M.D.'s Motion to Dismiss Under FRCP 12(b)(6) and 42 U.S.C. 1997e, filed on April 7, 2006 did make such an argument as the one currently before this Court. Defendant Radhika also attached a copy of the policy directive as an exhibit to her Motion to Dismiss, which Defendants Ingram, Pramstaller and Nzums likewise failed to do. Lastly, the Court notes that the Report and Recommendation did not recommend dismissal on the basis that Plaintiff failed to comply with

3

policy directive 03.03.120 by not naming each Defendant in the present lawsuit in his original grievance. The Report and Recommendation relied solely upon the controlling Sixth Circuit law at the time, *Curry v. Scott*.

In any event, upon review and consideration of all of the pleadings, motions and responses, this Court agrees that Plaintiff has failed to exhaust his administrative remedies pursuant to the MDOC policy directive in effect at the time of the alleged incidents giving rise to Plaintiff's claims. (See Def. Kosaraju, M.D.'s Mot. to Dismiss, Ex. A, ¶ S) Plaintiff named "Health Services at NRF" in his Step 1 Grievance, and not the individual Defendants he has brought this action against. (*See* Pl.'s Compl., Ex. A) As such, Plaintiff failed to properly exhaust pursuant to the MDOC's applicable procedural rules and his Complaint must be dismissed.

## V. CONCLUSION

Accordingly,

IT IS ORDERED that Defendants Ingram's, Pramstaller's and Nzum's Motion for Reconsideration [**Docket No. 51, filed April 10, 2007**] is GRANTED.

IT IS FURTHER ORDERED that Defendants George Pramstaller, M.D., Radhika Kosaraju, M.D., Ruth Ingram,, and Justina Nzums are DISMISSED.[2]

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED for failure to exhaust administrative remedies.

DATED: September 11, 2007

/s/ Denise Page Hood
DENISE PAGE HOOD
United States District Judge

---

[2] This Court dismissed Defendants DuBuc and Armstrong pursuant to 28 U.S.C. § 1915(e)(2) in an Order dated February 2, 2006.